CAREY M. LEONARD *vs.* PHILIP D. KINGMAN.

Plymouth. Oct. 16. — Nov. 28, 1883. FIELD & W. ALLEN, JJ., absent.

An officer attached a stock of goods in a building let to the owner of the goods by parol, and placed a keeper in the building, who remained there in possession of the goods for two months, when the officer discharged him and left the keys to the building inside, leaving the outer door unlocked. As the officer was leaving the premises, the owner, in the presence of the keeper and the owner of the goods, said to the officer, "What shall I do about rent?" The officer replied, "I don't know." The owner then said, "I notify you now, and the other party too, that I shall claim rent." The owner then locked the door, retaining the keys, but not occupying or using the building otherwise than for the storage of these goods, until they were removed by the officer nearly two years afterwards. About a month before their removal, the owner of the building demanded of the officer such removal and payment of rent for the building; and in the same month, and also in the following month, the officer demanded the goods of the owner of the building, and, upon his refusal to deliver them, removed the same. *Held,* in an action by the owner of the building against the officer for use and occupation, that the evidence failed to show any relation of landlord and tenant between the parties.

CONTRACT upon an account annexed, for use and occupation of the plaintiff's building in Bridgewater, from May 23, 1879, to April 28 1881. Answer, a general denial. Trial in the Superior Court, before *Gardner*, J., who reported the case for the determination of this court, in substance as follows:

On April 7, 1879, the plaintiff's building was let by parol to one Marcellus J. Partridge, who associated with him in business one Charles W. Soule, the latter receiving a certain part of the net profits of the business in payment of his services. Partridge took possession of the building on April 20, 1879, and put in a stock of goods.

On April 24, 1879, the defendant, a deputy sheriff, attached said goods on a writ, in favor of one John C. Frye, and against Soule, and put a keeper in the building, and kept him there in possession of the goods until June 21, 1879, Soule and Partridge, by agreement between them and the defendant, remaining in the building selling the goods, and the keeper receiving the money. On said June 21, the defendant discharged the keeper, and left the keys to the building on a counter therein, leaving the outer door unlocked. At this time the plaintiff, the defendant, the keeper, and Partridge were present. As the defendant was about leaving the premises, the plaintiff asked, " What shall I do about rent? " The defendant said, " I don't know." The plaintiff said, " I notify you now, and the other party too, that I shall claim rent."

After the premises were thus deserted, the plaintiff went into the building, blew out the lights, and locked the door, retaining the keys, but not occupying or using the building until after the goods were finally removed therefrom by the defendant, which was on April 28, 1881; nor was any other use made of the building during this time, except for the storage of these goods.

On March 17, 1881, the plaintiff demanded of the defendant in writing that he should remove the goods from the building and pay the rent for the same. On March 22, 1881, the defendant demanded of the plaintiff in writing that he should give up the goods, but the plaintiff refused to do so ; and again on April 28, 1881, the defendant made a similar demand, and removed the goods.

Upon this evidence, the judge ruled that the plaintiff was not entitled to recover, and ordered a verdict for the defendant.

If the ruling was correct, judgment was to be entered on the verdict; otherwise, the verdict was to be set aside, and a new trial ordered.

*W. H. Osborne*, for the plaintiff.

*H. Kingman*, for the defendant.

C. ALLEN, J. The plaintiff concedes that he could not have maintained trespass for the period of the defendant's occupancy between the date of the attachment and that of its dissolution, for want of the notice required by the St. of 1878, *c.* 272, § 3 ; but he contends that the defendant became a tenant of the premises

at the latter date.   The report of what took place between the parties at that time does not show any contract, express or implied, for the payment of rent ; nor is any such contract, either then or at some later time, to be inferred, merely because, in March, 1881, the plaintiff demanded rent, and the defendant, at a later date in the same month, and also in April following, demanded the goods, apparently claiming at that time to be the owner of them, and removed them.   The evidence fails to show any relation of landlord and tenant between the parties, and is equally consistent with various other hypotheses.   See *Gould* v. *Thompson*, 4 Met. 224; *Merrill* v. *Bullock*, 105 Mass. 486; *Central Mills* v. *Hart*, 124 Mass. 123.

*Judgment on the verdict.*