SARAH L. BROOKS & others vs. CHARLES F. ALLEN & another.

Suffolk. January 25, 1888. — February 29, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Lease — Rescission — Fraud — Use and Occupation — Insolvency.*

A lease was given with a forged guaranty, and subsequently a firm formed by the lessee and another person occupied the premises, the lessor relying for the rent on the lessee alone and the supposed guarantor. On the discovery of the fraud, the lessor gave the lessee notice to quit within fourteen days for nonpayment of rent, and before the end of that period the firm went into insolvency. *Held,* that there was no rescission of the lease till after the firm was in insolvency, and that the firm was not liable for use and occupation.

APPEAL from a decision of the Court of Insolvency, disallowing the claim of the appellants against an insolvent estate. The appeal was heard in the Superior Court, and, after a judgment dismissing the appeal, in this court, on appeal on an agreed statement of facts, in substance as follows:

The appellants, owners of a store in Boston, made a new lease thereof, on January 21, 1885, to the appellee Allen, who was occupying the premises under a guaranteed lease. Allen agreed to obtain a guaranty of the new lease from the same guarantor, and the lease in the form of an indenture in two parts was delivered to him. Allen subsequently redelivered one part, duly executed by himself, which bore a contract of guaranty at the end of it with what purported to be a signature of the guarantor affixed thereto.

On February 1, 1885, Allen took into partnership the appellee Dennan, and thenceforward the premises were occupied by them under the firm name and style of Allen, Dennan, & Co., which fact was known to the appellants. The bills for rent were made to Allen, and the appellants took no steps to recognize the firm as their tenants. On December 7, 1885, the rent being in arrears, the appellants served on Allen a notice to quit for nonpayment of rent, within fourteen days from date; and on that day the appellants were notified by a son of the guarantor that what purported to be his signature upon the lease was a forgery. The fact of the forgery was admitted, and Allen was

indicted therefor. The appellants, on January 1, 1886, rented the premises anew.

On December 17, 1885, Dennan petitioned himself and the firm into insolvency ; and the appellants claimed to prove against the firm for the arrears of rent, all of which accrued while the premises were occupied by the firm ; but their claim was disallowed against the firm, and only allowed against the separate estate of Allen, who has never gone into insolvency.

*F. Cunningham*, for the appellants.

*J. P. Prince & E. G. Alexander*, ( *W. F. Slocum* with them,) for the appellees.

C. ALLEN, J. According to the understanding of all parties, the rent was to be paid by Allen alone, and not by the firm. There could have been no pretence for holding the firm but for the fraud in respect to the guaranty of the rent. This fraud was practised by Allen alone, before the time when Dennan became his partner. There is nothing to show that Dennan had any more reason to suspect this fraud than the lessors had. The lessors relied only on Allen, and on his supposed guarantor, for the rent. Upon discovery of the fraud, they were entitled to treat the lease as invalid ; or, at their option, they might treat it as valid. The lease was voidable, — valid till avoided.

The notice to quit for nonpayment of rent was no rescission of the lease ; and if it were, it did not take effect till after fourteen days. There was no rescission of the lease till after the firm was in insolvency. Now, however it might be with regard to Allen alone, a rescission of the lease cannot relate back so as to make the firm liable for the use and occupation of the store prior to the time of such rescission. There was no express contract binding the firm ; and there was no implied contract arising from the use and occupation, because the use and occupation were under an express contract with Allen. If the lessors were deceived and misled by Allen, that does not show an implied promise on the part of Dennan, or of the firm, until the happening of something further. Prior to the rescission the firm was not liable, because their use and occupation were by virtue of the lease to Allen, which was still in force. After the rescission the firm was not liable, because it no longer occupied the store, and the rescission did not have the effect to make it

liable for past use and occupation, enjoyed under a special contract or lease, by which Allen promised to pay the rent. *Leonard* v. *Kingman*, 136 Mass. 123. *Earle* v. *Coburn*, 130 Mass. 596. *Massachusetts General Hospital* v. *Fairbanks*, 129 Mass. 78, 81. *Central Mills* v. *Hart*, 124 Mass. 123, 125. *Hills* v. *Snell*, 104 Mass. 173, 177. *Boston* v. *Binney*, 11 Pick. 1.

The result is, that the claim was properly disallowed against the estate of the firm; and this is the only question before us. In respect to this, therefore, the entry must be,

*Appeal dismissed.*