# Cases

# FIRST DEPARTMENT

AT .

# GENERAL TERM,

## March, 1890.

---

## NATHANIEL WHITMAN, Respondent, v. PETER BOWE, Appellant.

*Action for use and occupation — proof of mere occupation not sufficient; the conventional relation of landlord and tenant must be shown — taxation, in attachment proceedings, of rent by the sheriff — estoppel.*

In an action to recover for the use and occupation of premises in the city of New York, it appeared that an attachment was issued against a tenant in possession of the premises, and his property was seized by the sheriff and left upon the premises in question, of which the debtor was a lessee; that subsequently a written memorandum was made between the attaching creditors and the debtor, by which such rent as might fall due to the landlord was to be paid by the sheriff, and "be treated and regarded as an expense of such sheriff in this action under the process held by him;" that this memorandum was shown to the deputy sheriff, who looked at it and said, "All right."

The lease of the premises to the debtor expired while the attached property remained therein, and thereupon another written memorandum was made by the same parties to substantially the same effect, and was shown to the deputy sheriff with the same result. The sheriff's bill was subsequently presented to the court to be taxed, and included charges for such rent, which were allowed therein by the court.

The judgment was in the first instance in favor of the debtor and was appealed from; the attachment was continued pending the appeal, and was finally vacated on the decision of the appeal.

In an action brought against the sheriff to recover for the rent of the premises during the time that the attached property remained there:

*Held,* that it was necessary to show that the conventional relation of landlord and tenant existed between the parties, in order to justify a recovery, and that the facts in this case did not establish the existence of that relation.

That the mere occupation of premises by a party does not make him liable to the owner in an action for use and occupation.

That the written memorandum in this case simply provided that the sheriff should be permitted to pay the rent, and treat such payment as an expense incurred by him in the action, but did not establish a personal liability therefor on his part.

That the fact that the sheriff taxed the rent on his bill was not an acknowledgment upon his part of such personal liability.

APPEAL by the defendant from a judgment entered, after a trial at the New York Circuit before the court and a jury, in the office of the clerk of the county of New York on December 8, 1888; and also from an order, entered in said clerk's office on January 4, 1889, denying the defendant's motion that the verdict be set aside and that a new trial be granted; and also from an order, entered in said clerk's office on the 1st day of July, 1889, denying a motion to vacate and set aside the judgment entered in this action and that a new trial be granted.

*Charles F. MacLean,* for the appellant.

*Homer A. Nelson,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover for the use and occupation of a loft at No. 4 Great Jones street, in the city of New York, for the period from May 1, 1881, to August 30, 1885, and a recovery having been had, from the judgment thereupon entered this appeal is taken, and also from the order denying a motion for a new trial. Subsequently a motion was made for a new trial on the ground of newly-discovered evidence, which was denied, and from such order an appeal was also taken.

The facts upon which the recovery in this case was based are somewhat complex, and for a proper understanding of the question involved it is necessary that they should be stated in some detail.

During the years 1880, 1881 and 1882 the defendant was sheriff of the county of New York. On the 4th of May, 1881, certain attachments were duly issued against the United States Reflector Company upon the application of Hall, Nicoll & Granbery. These attachments were placed in the hands of the sheriff to be by him

executed. On that day the defendant, by his deputy, seized under said attachments and took into his possession a large stock of goods, fixtures, machinery and material in a loft in a building owned by the plaintiff at No. 4 Great Jones street. At that time the United States Reflector Company was the lessee of the loft in question, and was in possession thereof, as such lessee, carrying on its business there. On the 5th of July, 1881, while the defendant was in possession of the property seized under the attachment, and had the same in the plaintiff's building, the following agreement was entered into between the attaching creditors and the United States Reflector Company:

" The undersigned, parties in interest in this action, consent and agree that the property now in the custody of the sheriff of the county of New York, at No. 4 Great Jones street, remain there, and that the sheriff shall pay the rent due Nathaniel Whitman for said premises when he seized such property, and such rent as has or may fall due since such seizure, until such property is finally disposed of, and that such rent be treated and regarded as an expense of such sheriff in this action under the process held by him."

This agreement was taken to the sheriff's office and shown to Mr. Douglass, the deputy, who looked at it and said, " All right." The lease of the United States Reflector Company of the premises in question, expiring in January, 1882, in that month, while the sheriff had the custody and possession of said property, another agreement was entered into between Hall, Nicoll & Granbery and the United States Reflector Company, as follows:

" The undersigned, parties in interest in this action, consent and agree that the property now in the custody of the sheriff of the county of New York, at No. 4 Great Jones street, may remain there in his discretion, and that the sheriff shall pay the rent due Nathaniel Whitman for said premises, when he seized such property, and such rent as had or may fall due since such seizure, until such property is finally disposed of or removed, and that such rent be treated and regarded as an expense of such sheriff under the process held by him."

This stipulation, as to the payment of rent, was also taken to Douglass, according to the testimony of the plaintiff, and there was about the same conversation as previously. The plaintiff also testi-

fied that he had seen Douglass several times in the meantime and asked him each time to pay some rent, and particularly after he had learned that Douglass had received some money to meet in part his charges, and that Douglass' answer was that he need not worry about his money, that he had plenty of money and could wait, and that he was sure to get it. It appears that at various times subsequently the sheriff was required to present his bill to the court and tax his charges under the attachment, and that in these bills were included charges for rent, which were allowed as proper items to be taxed in the sheriff's bill. In the attachment action judgment passed in the first instance in favor of the Reflector Company. From this judgment the plaintiffs in that action appealed, and the attachment was continued pending the appeal, and in May, 1883, the warrants of attachment were finally vacated.

On the 7th of August, 1883, the defendant commenced an action to foreclose a lien which he claimed in his favor upon the property in question. To his complaint in that action the Reflector Company and one Corbit, who claimed an interest in the property by assignment thereof, demurred, which demurrers were finally sustained, and in November, 1885, the complaint as to the company and Corbit was dismissed.

Pending these appeals, and in February, 1885, the plaintiff commenced proceedings in the Third District Court to dispossess the Reflector Company as tenant, and this defendant and Hall, Nicoll · & Granbery, as under-tenants, as holding over in default of payment of rent. This case was tried in May, 1885, and during the proceedings a stipulation was made between the defendant and the plaintiff that any judgment obtained in that action should not be evidence of any other thing in any other suit, action or proceeding between the parties thereto on behalf of either party. A warrant of dispossession was issued to the marshal in June, 1885, which was finally executed on or about September, 1885, and the plaintiff was awarded judgment against the defendant for the value of the use and occupation of the premises from the 1st of July, 1881, to the 1st of August, 1885.

It is urged, upon the part of the defendant, that no recovery can be had against the defendant because the conventional relation of landlord and tenant was not established as existing between the parties. It is undoubtedly true that, in order to entitle the plaintiff to

recover for the use and occupation by defendant of real property, it is necessary to establish that the conventional relation of landlord and tenant existed between the parties (*Preston* v. *Hawley*, 101 N. Y., 586); and the question of difficulty, in the consideration of a given state of facts, is to determine whether there is sufficient evidence to establish the existence of this relation or not. It is not necessary that there should be an express agreement between the parties in order to establish this relation. But there must be proof authorizing the inference that the parties intended to assume such relations toward each other. It would, therefore, appear that the mere occupation of premises upon the part of a party does not make him liable to the landlord in an action for use and occupation. Where a party retains possession of premises against the will of the owner, and there is no implication which may be gathered from the surrounding circumstances to prove that the occupant intends to occupy the relation of tenant toward the landlord, other proceedings must be taken by the landlord in order to recover possession of the premises, or the value of their occupation, than an action to recover rent by way of proof of value of such use and occupation. Rent of premises may be recovered where there have been circumstances from which the inference may be drawn that the parties agreed that it should be paid.

The question involved in the case now before the court is, whether the circumstances established by the evidence will support the inference of an agreement upon the part of the sheriff to pay rent. It seems to us, upon an examination of the record, that no such implication can arise.

Great stress is laid upon the agreements made between the Reflector Company and Hall, Nicoll & Granbery in July, 1881, and January, 1882, but it will be seen that the whole scope and purport of these agreements were that, as between the parties, the sheriff should be permitted to pay the rent and treat such payment as an expense of the sheriff in the action. It is said that these agreements were taken to the deputy sheriff and he assented to the same. That may all be very true. The sheriff may have been perfectly content that the parties should make this agreement, but from this fact there was no inference to be drawn that he

intended to pay the rent out of his own pocket or become liable therefor, and then look to the property attached for reimbursement. The stipulation authorized him to do so if he chose, but he does not seem to have so chosen. The sheriff had agreed to do nothing. He had entered upon the premises rightfully as an officer, seizing the property of the Reflector Company. The Reflector Company was at that time rightfully in possession of the premises, and the sheriff, by virtue of its right of possession, entered upon the premises. He in no manner recognized the rights of the landlord or agreed to become liable for the rent, and it is clear that in all the conversations between Whitman and the deputy, all that the deputy intended, and all that Whitman had a right to understand or did understand, was that he would get his money out of the property attached, and that this was ample to meet all the charges which might be incurred against it. And this undoubtedly was plaintiff's idea, when he procured these stipulations to be signed between the parties to that action and carried them to the sheriff, to see whether he would recognize the obligations which were there imposed. All that the sheriff undertook to do was to see that the rent was secured out of the property precisely the same as his other expenses and then to pay it over to the landlord.

In these stipulations and in the conversations between the deputy and the plaintiff, there is not a scintilla of evidence going to show that there was any understanding that the sheriff was to be personally responsible. It is true that the plaintiff states that he made demands upon the sheriff for rent, and that the sheriff stated that he could not pay the same. But it also appears in that connection that this demand was made because the sheriff had received money on account of his charges and expenses. This would seem clearly to show that there was no expectation upon Whitman's part, at this time at least, that the sheriff should pay out of his own pocket this rent, looking to whatever lien he might have upon the property in question to secure himself for such advances. The fact, also, that the sheriff taxed the rent in his bill of costs was no acknowledgment, upon his part, of the liability. It was only doing that which the parties had requested him to do by these stipulations, which had been entered into undoubtedly by and with the consent of Whitman.

Under these circumstances, it is difficult to see exactly at what time or period the defendant assumed the relation of tenant towards the plaintiff. As has already been said, he went into possession as holding an attachment against the property of the Reflector Company, which company was entitled to the possession of the premises in question. He remained in possession after its lease had expired, but he in no manner recognized the plaintiff to be his landlord, and in no manner assumed any obligation to pay the plaintiff, as tenant, for the use and occupation of the premises in question. He was only willing to secure, as far as lay in his power, to the plaintiff the value of such use and occupation, pursuant to the stipulations of the parties, out of the property which he held under the attachment. And it seems to be clear that neither the plaintiff nor the sheriff understood that any individual liability was to be incurred by the sheriff, but that the plaintiff was to be paid the value of the use and occupation of these premises by the sheriff out of the attached property. These circumstances rebut any presumption which might otherwise arise, that the conventional relation of landlord and tenant was intended to be established between the plaintiff and defendant. The sheriff was in possession with a large amount of property, against which, if the attachments were upheld, he had his claim for charges ; and that it was the source from which all these expenses were to be paid, these stipulations entered into between the parties with the knowledge and consent of the plaintiff, seem sufficiently to prove. And there is not a scintilla of evidence tending to show that the sheriff at any time recognized the plaintiff as his landlord, or that he intended to occupy in any way the position of tenant. Neither is there any evidence that the plaintiff ever expected the defendant to obligate himself for the payment of the rent, nor did he make any claim that there was any such agreement, so far as this record shows, except by the commencement of this action.

As already stated, whatever claims for rent were made against the sheriff were made because of the fact that the sheriff had received money from the parties to the original litigation on account of the expense which he had been put to in reference to the care and custody of the property. We think, therefore, that no obligation has been established upon the part of the defendant to pay to the plaintiff the rent of the premises in question.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

The appeal from the order denying the motion for a new trial on the ground of newly-discovered evidence, in view of the conclusion to which we have come, it is not necessary to consider, and such appeal should be dismissed, without costs.

BRADY and DANIELS, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.

Appeal from order denying motion for new trial on ground of newly-discovered evidence dismissed, without costs.