FRYSZKA v. PRYBESKI.

LANDLORD AND TENANT—LIABILITY FOR RENT—SUBSTITUTION OF LESSEES.

  Where plaintiff leased from defendant property which was afterward, without any arrangement releasing plaintiff from liability, occupied by a firm composed of plaintiff and another, plaintiff continued to be responsible for the rent, and the fact that defendant purchased goods from the partnership from time to time, and did not pay for them, did not, in the absence of any finding that the indebtedness was to apply on the rent, make the partnership directly responsible, and show that plaintiff had ceased to be so responsible.

Error to Bay; Shepard, J. Submitted February 17, 1905. (Docket No. 188.) Decided March 21, 1905.

Assumpsit by Stanley Fryszka against William V. Prybeski for goods sold and delivered. There was judgment for plaintiff, and defendant brings error. Reversed.

*Lee E. Joslyn,* for appellant.

*Isaac A. Gilbert* (*James Van Kleeck*, of counsel), for appellee.

CARPENTER, J. This case was tried by a referee, who reported his findings of facts and conclusions of law. It appears from those findings that defendant owed plaintiff a balance on an account between them which, together with interest, amounted to $744.62; that there was due defendant for rent of a building occupied by a partnership composed of plaintiff and one Richard Champagne $648. This, with interest thereon at the date of the referee's report, amounted to $792.18. Defendant claimed in the court below, and claims in this court, that plaintiff was

responsible for this rent, and that he was entitled to have it applied to set off plaintiff's claim, and to have judgment entered in his favor for the balance. This claim was denied by the court below, and judgment rendered for plaintiff for the full amount of his claim. It appears from the finding of facts that plaintiff alone originally leased defendant's property, and that no arrangement was made by which he was released from his obligation to pay the rent. Under these circumstances, plaintiff continued to be responsible for the payment of the rent, and defendant is therefore entitled to set off the same in this suit. See *Brooks* v. *Allen*, 146 Mass. 201; *Doty* v. *Gillett*, 43 Mich. 203; *Williams* v. *Railroad Co.*, 133 Mich. 448.

We were urged by plaintiff, in deciding this case, to give weight to the circumstance that defendant has not paid for goods purchased from the partnership from time to time during their occupancy of his premises. There is no finding of fact from which we may infer that this indebtedness was to apply on the rent, or that the partnership had been substituted for plaintiff as defendant's tenant. According to the principles of the foregoing authorities, the circumstance under consideration would not make the partnership directly responsible to defendant for his rent. That circumstance is not, therefore, a finding of fact which we can regard. It merely proves that defendant continues to be a debtor of the partnership to the extent of his purchases.

It results from this opinion that the judgment of the lower court should be reversed, and a judgment entered in this court in favor of defendant and against plaintiff for $47.56, with interest from March 24, 1904. Defendant should have costs of both courts.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.