ARTHUR M. BIER, Plaintiff, v. JOSEPH PERLMUTTER and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Seventh District, May 10, 1927.

**Landlord and tenant — rent — defendants, as assignees, were holders of chattel mortgage covering unexpired term of lease to plaintiff's premises and fixtures therein — defendants bound by all covenants of lease including covenant for payment of rent.**

Defendants, who, as assignees, were the holders of a chattel mortgage covering the unexpired term of the lease to plaintiff's premises and fixtures therein, are bound by all covenants of the lease, including the covenant for the payment of rent, by virtue of the privity of estate and are liable for the payment of rent for the period they remained as assignees of the lease and in possession of the premises.

ACTION against copartners for rent.

*Gallert, Hilborn & Raphael,* for the plaintiff.

*Harris Koppelman,* for the defendants Pinckowitz.

GENUNG, J. Action is brought against the defendants Isidor Pinckowitz and Jacob Pinckowitz, copartners doing business under the name of Isidor Pinckowitz & Bro., for rent of a store and basement in the premises known as No. 119 West One Hundred and Sixteenth street, borough of Manhattan, from the 20th of June, 1926, to the 30th of September, 1926, amounting to $696.66. This is the period during which the said defendants were in possession of the said premises as assignees of a certain lease made by plaintiff Bier with the defendant Perlmutter, in February, 1924, for the term of four years. ending February 1, 1928, at a rental of $175 a month till February 1, 1926, and $200 a month thereafter. On October 20, 1925, Perlmutter assigned the lease to Perlmutter & Du Bois, Inc., and took from it a chattel mortgage covering the lease and fixtures. On January 11, 1926, Perlmutter assigned the chattel mortgage to the defendants Pinckowitz. On June 20, 1926, Perlmutter vacated the premises, leaving some merchandise and fixtures.

On June 21, 1926, Pinckowitz notified plaintiff that he held a mortgage on the things in the store and that he would like to talk with him. On the following day Pinckowitz told the plaintiff that he knew of two people who might lease the store and buy the fixtures, and asked whether he would help out by reducing the rent. The plaintiff stated that he would make some rental allowance to the new tenant, so as to compensate him, and to see that he would get a fair price for the fixtures, in consideration of his

(Pinckowitz) making that attempt to get a new tenant, instead of having the store vacant. No claim is made that plaintiff told Pinckowitz that he must remove the fixtures or pay rent, and it is denied by plaintiff that he ever agreed to permit the defendants to leave the fixtures without paying rent of the premises. On June 25, 1926, Pinckowitz sent a letter to plaintiff, saying: " I will arrange to rip out these fixtures at once, unless you are willing to allow them to remain until I am able to interest a prospective customer and tenant for you. You will appreciate, if I am to get a tenant for the premises, that it will take me a little time to do it. Please advise me your conclusions one way or the other, whereby I know just where I stand, in order to vitiate any responsibility of either party."

It is admitted that the plaintiff never made a reply to this letter. On September 11, 1926, plaintiff and Pinckowitz had a conversation, in which the latter asked for a letter authorizing him to remove the fixtures, and on September fourteenth wrote a letter plaintiff, saying: " I am ready, upon receipt of your written authority, to remove these fixtures."

On September 15, 1926, plaintiff sent a reply, saying: " I have no objections to your removal of said fixtures in proper manner."

On September 20, 1926, Pinckowitz removed the fixtures, after summary proceedings had been commenced to recover possession of the premises, in which no final order was ever issued.

Although it is claimed by the defendants that, having gone into the premises to protect their own property, and the plaintiff having consented to the seeking of a new tenant, the relation between the parties was other than landlord ·and tenant, yet it is settled law here " that a chattel mortgage works a present transfer of the legal title to the property covered by it, defeasible by the payment of the sum it is given to secure," and " an assignee of a lease in possession of the premises, in addition to being the proper party to be sued in a summary proceeding, is liable to the landlord for the rent by privity of estate." (*Rodack* v. *New Moon Theatre*, 121 Misc. 63, and cases cited.) The assignee " was bound by such covenants [including the covenant to pay rent] as ran with the land so long as it remained assignee of the lease and in possession." (*Gillette Bros.* v. *Aristocrat Restaurant*, 239 N. Y. 87. See, also, *Century Holding Co.* v. *Ebling Brewing Co.*, 185 App. Div. 292.)

The lease provided: " And it is further understood and agreed that the covenants and agreements contained in the within lease are binding upon the parties hereto and their legal representatives."

It is well settled that the assignee is a legal representative. (*New*

*York Mutual Life Insurance Co.* v. *Armstrong,* 117 U. S. 591; 6 S. Ct. 877; 29 L. Ed. 997; *Hogan* v. *Page,* 2 Wall. [69 U. S.] .605; 17 L. Ed. 854;· *De La Vergne Refrigerating Mach. Co.* v. *Featherstone,* 147 U. S. 209; 13 S. Ct. 283; 37 L. Ed. 138; *Lindenberg Corporation* v. *Howland,* 115 Misc. 244; *Adler* v. *Lowenstein,* 52 id. 556.)

It is claimed by the defendants that the relation of landlord and tenant must be created by agreement, and such an agreement may not be implied where the circumstances attending the use and occupation show clearly there was no expectation of rent by either party. (*Preston* v. *Hawley,* 101 N. Y. 586; *Collyer* v. *Collyer,* 113 id. 442; *Whitman* v. *Bowe,* 56 Hun, 141.) But in the instant case, since the defendants were the holders of the chattel mortgage, covering the unexpired term of the lease and the fixtures, and were assignees of the lease in possession, they were bound by all of the covenants of the lease, including the covenant for the payment of the rent, by virtue of the privity of estate, and were liable for the payment of the rent, as long as they remained assignees of the lease and in possession of the premises. The lease provided for the payment of rent at the rate of $200 per month in advance on the first day of each month during their occupancy thereof.

It follows, therefore, that the defendants are liable for the payment of the rent for one-third of the month of June, 1926, or $66.66; for the month of July, 1926, or $200; for the month of August, 1926, or $200; and for the month of September, 1926, or $200 — making a total of $696.66, with interest as demanded. Judgment to be entered accordingly, with five days' stay.