MICHAEL BLAND *v*. EDUARDO A. GRECA ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1176

Argued January 27–decided June 4, 1982

*Jeffrey A. McChristian,* for the appellant (plaintiff).

*Richard P. Weinstein,* for the appellees (defendants).

F. HENNESSY, J. This is an appeal by the plaintiff claiming that the trial court erred in rendering judgment for the defendants in an action brought for forci-

ble entry and detainer and for conversion of her personal property. The plaintiff also sought the return of a security deposit.[1] The trial court found the following facts: The plaintiff leased an apartment from the defendants on a month to month basis. She notified the defendants by letter dated March 2, 1979, that she was vacating the premises as of April 8, 1979, and would return the keys on April 9. The parties agreed that the plaintiff would pay the full rent for the month of April, and a check for this amount was later tendered and accepted. The plaintiff removed her furniture on April 7 and returned the apartment keys on April 9.

The plaintiff claims that the facts do not support the inference that she intended to abandon the apartment before the end of the month of April, that the evidence does not support the conclusion that she surrendered the keys to the apartment and that the court was in error in placing the burden of proving that she did not abandon the apartment and its remaining contents on her. On the contrary, the plaintiff contends that the rent was paid for the month of April, that personalty was left on the premises and that she retained a key to the apartment, all of which support the conclusion that she did not abandon the premises.

The evidence before the court could reasonably lead to the conclusion that the rent was paid for the month because the plaintiff was not leaving the apartment until a week or more after the month began. The plaintiff was told that if she were to occupy the premises during any portion of April she would be responsible for the full monthly rent. She agreed and paid the rent. After the plaintiff's furniture was removed, the successor tenants admitted finding some articles of personalty in the apartment. They disposed of these items in the belief that they were

---

[1] The court ordered the return of the plaintiff's security deposit and this is not an issue on appeal.

abandoned. Since no communication concerning these items was made to the defendants, the court could conclude that these items were abandoned.

We cannot reach the plaintiff's claim that she retained a key to the apartment, however, since there was no key among the exhibits at trial and this court cannot on appeal accept into evidence items not presented at the trial. Furthermore, in light of the evidence adduced at trial and the facts found by the trial court, the mere retention of a key was not conclusive evidence of an intention not to surrender the premises.

The final claim by the plaintiff is that the court erroneously placed upon her the burden of proving that she did not abandon the premises or remove personal property which she had previously abandoned. This claim is based upon her contention that the special defense pleaded by the defendants went beyond that allowed under Practice Book § 164,[2] thereby shifting the burden of proving that she did not abandon the premises to her.

As the plaintiff correctly notes, the defendants' special defense did allege that the plaintiff "went to the subject premises and physically removed the personal property which she had abandoned, initially." It is also true that nothing in the record indicated that the defendants proved such an allegation. Despite these observations, however, the plaintiff cannot

---

[2] Practice Book § 164 provides: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus, accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpayment is alleged by the plaintiff), release, the statute of limitations and res adjudicata must be specially pleaded, while advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be his own."

prevail because the special defense is a portion of the case not reached by the trial court in its decision.[3] The court could reasonably have found that the letter sent by the plaintiff to the defendants announcing her intent to permanently leave the premises, coupled with the fact that the keys were returned and professional movers took her furniture from the apartment in accordance with the terms of the letter, constituted an abandonment of the premises. These facts can be logically interpreted as a voluntary and intentional renunciation of the plaintiff's claim to the leased premises. *Bianco* v. *Darien,* 157 Conn. 548, 556–57, 254 A.2d 898 (1969).[4]

There is no error.

In this opinion DALY and COVELLO, Js., concurred.

---

[3] The court found that the plaintiff did not prove by a fair preponderance of the evidence her allegation contained in count three of her complaint: "6. On or about the beginning of the second week in April, 1979, the Plaintiff was lawfully possessed of certain personal property incident to her occupancy of the premises at 6 Chapin Place. A schedule of said property is attached hereto and labelled Exhibit B.

7. On or about said date, the Defendants or its agents did wilfully and without color of right remove or authorize the removal of the Plaintiff's personal property at 6 Chapin Place, and Plaintiff has been out of possession of said property from said date until the date of this complaint." Accordingly, the court was not required to reach the allegations contained in the second special defense alleged by the defendants.

[4] The cases cited by the plaintiff are factually distinguishable from the present case and do not require a contrary result. See *Chapel-High Corporation* v. *Cavallaro,* 141 Conn. 407, 106 A.2d 720 (1954) (closing of restaurant and departure of tenants did not constitute surrender of premises justifying landlord's attachment of tenant's property); *Stankiewicz* v. *Hawkes,* 33 Conn. Sup. 732, 369 A.2d 253 (1976) (tenant's departure due to uninhabitability of premises did not constitute surrender justifying landlord's removal of tenant's property); *The Entertainer, Inc.* v. *Cohen,* Superior Court, judicial district of Hartford-New Britain at Hartford, Housing Session, Docket No. SC-H-71-HD, April 17, 1979 (holding property for ransom during eviction proceedings is wrongful detainer of tenant's property).