## Gaylord *against* Payne and others.

In an action against husband and wife, the ground of her liability must be explicitly stated in the declaration.

And the omission to state such ground of liability, is a defect not cured by verdict.

Though a verdict may cure a defective statement of the plaintiff's title or right of action ; yet it supplies no title or right of action wholly omitted.

Where a judgment against several is entire, it must, if erroneous, be reversed *in toto.*

This was an action of debt on book. The writ and declaration were as follows : " Summon *Stephen Payne* and *Rachel,* the wife of the said *Stephen, Joseph Gaylord* and *Charles F. Dickinson,* all of *Norfolk,* to appear, &c. to answer unto *Asahel Gaylord* of said *Norfolk,* in a plea, that to the plaintiff the defendants render the sum of 450 dollars, which to the plain-

tiff the defendants justly owe, by book, as by the book of the plaintiff, ready in court to be produced, fully appears; which debt the defendants have never paid," &c. By agreement of parties, the county court, to which the action was brought, appointed *Elizur Munger, Solomon Rockwell* and *William G. Williams*, Esqrs. auditors in the cause, to adjust the accounts between the parties, according to law. These auditors, having fully heard the parties, with their evidence and exhibits, awarded, that the defendants were indebted and in arrear to the plaintiff in the sum of 214 dollars, 52 cents ; which award, notwithstanding the remonstrance of the defendants, the court accepted, and rendered judgment thereon. On a writ of error, brought, by the defendants, in the superior court, the judgment of the county court was reversed ; and the original plaintiff then brought the present writ of error, praying for a reversal of the judgment of the superior court.

*Benedict* and *P. Miner*, for the plaintiff in error, contended, 1. That if the joining of *Rachel Payne* in the suit, was a defect, it was such an one as would be cured by verdict. The action is book debt, in the common form. The declaration alleges, generally, that the defendants were indebted. It embraces all charges of the plaintiff on book, (not barred by the statute of limitations) without specifying the time or times when they accrued. In perfect consistency with the declaration, the debt in question might have been the joint debt of *Rachel Payne* and the other defendants, when she was a feme sole. Because she was a feme covert when the action was brought, it does not necessarily follow, that she was such when the debt was contracted. Now, if it is necessary, in order to support the judgment, that *Rachel Payne* should have been a feme sole, when the debt was contracted ; and if this may have been the fact, consistently with the declaration ; it is a reasonable presumption, which, after verdict, the court will make, that such was the fact. After verdict, it will be presumed, that facts, necessary to support the judgment, and proveable under the issue, were proved ; because that verdict could not otherwise have been given. In this case, the plaintiff having averred, that *Rachel Payne* jointly with others became indebted to him ; and the jury having found, that she did become so indebted ; it is no violent presumption, that

*Litchfield,*
June,
1822.

Gaylord
*v.*
Payne.

she made the contract, when she was capable of making it. 1 *Wms. Saund.* 228. *a.*  *Philliskirk* & ux. *v. Pluckwell,* 2 *Mau. & Selw.* 393. 396.   *Bourn* & ux. v. *Mattaire,* 1 *Selw. N. P.* 312.

2. That if the declaration would be good after verdict, it is equally good after the finding of the auditors in this case. They were the triers, in the place of a jury, of the cause, on the general issue ; and they have found, that the defendants were indebted as the plaintiff in his declaration had alleged.

3. That admitting the joining of *Rachel Payne* in the suit to be an incurable defect ; yet as to her the judgment may be reversed, and as to the other defendants affirmed.   *Wilford* & al. v. *Grant, Kirb.* 114.   *Dixon* v. *Pierce,* 1 *Root* 138. *Frederick* v. *Lookup,* 4 *Burr.* 2018. *Cunning* v. *Silby,* 4 *Burr.* 2489.   *Bradshaw* v. *Callaghan,* 8 *Johns. Rep.* 558.

*Bacon* and *J. W. Huntington,* contra, contended, 1. That the declaration ought to have set forth facts, from which it would appear, *prima facie,* that *Rachel Paine,* who is therein described as a feme covert, was properly made a party. Without such facts, the plaintiff does not shew a *prima facie* cause of action ; because it is only in excepted cases, and under particular circumstances, that a feme covert can be made a party either as plaintiff or defendant.   It is true, that such cases do exist ; and when they do, it must *appear ;* otherwise, in presumption of law, she is protected, or disabled, by the coverture.   She is presumed in law to be incapable of making a contract.   And whether her contract during coverture be void, or voidable, makes no difference ; for it is presumed not to be binding, at any rate.

But, it is objected, that as she *may,* in many cases, and in others, *must* be made a party, the suit is well brought ; she is regularly before the court ; it is *competent* to prove facts constituting her liability ; and therefore, the declaration is good, though it discloses her coverture, and assigns no reason for making her a party.   To this objection there may be several answers.   In the first place, this is exactly reversing the presumption of law, as applicable to the case.   The objection proceeds upon the ground, that it is to be presumed it *may* be a case where a liability exists, to be ascertained by the proof ;

whereas the law presumes she ought not to be subjected, unless two things occur; first, a statement of facts, which, *prima facie,* shew a liability; and secondly, proof of those facts. This is like an ordinary case of a plaintiff's omitting to state facts essential to his right of recovery. He has shewn, that one of the defendants is a married woman, and, as such, is indebted to him on book; but he has omitted to state, what is as necessary as her indebtedness, *viz.* the facts which *prima facie* go to prove it. *Decker* v. *Livingston* & al. 15 *Johns. Rep.* 479. 482. Another answer, is, that precisely the same objection would apply, if she had been sued *alone,* as a feme sole; for, in many cases, she can be sued as such; but you must aver the reason of it,—*e. g.* the husband banished, abjured the realm, an alien enemy, transported for seven years, &c. It is as much a legal presumption, that the wife is not liable to be sued, in contract, jointly with her husband, as that she is not liable to be sued alone. Thirdly, the same objection applies to the case of an infant, *sued as such;* for he may be liable on his contract. Fourthly, all the *precedents* are against it. 2 *Chitt. Plead.* 49, 50. *Corbett* v. *Poelnitz & ux.* 1 *Term Rep.* 5. *Harrison* v. *Cage* & ux. 3 *Ld. Raym.* 268. And, lastly, so are all the authorities. *Serres* & ux. v. *Dodd,* 2 *New Rep.* 405. *Com. Dig. tit.* Baron and Feme. Y. 1 *Chitt. Plead.* 20. 201. *Lawes' Assurp.* 441, 2. 461. 475, 6. *Dunstan* & ux. v. *Burwell* & al. 1 *Wils.* 224. *Staley* v. *Barhite* & ux. 2 *Caines* 221. *Rose* & ux. v. *Bowler* & al. 1 *H. Bla.* 108. *Decker* v. *Livingston* & al. 15 *Johns. Rep.* 479.

2. That this defect would not be cured by verdict. The rule on this subject is familiar: Verdict cures a title defectively stated, but not a defective title itself. The court will presume every thing necessary in point of fact to warrant the finding of the jury; but will presume nothing but what is expressly stated, and what is necessarily implied from facts which are stated. *Rushton* v. *Aspinall, Doug.* 679. *Spieres* v. *Parker,* 1 *Term Rep.* 141. The court are now called upon to presume, that the alleged indebtedness arose while *Rachel Payne* was *unmarried;* a fact not expressly stated, nor necessarily implied from what is stated. The court, after verdict, presume nothing *in point of law* to support the verdict. But whether the wife is liable or not, in point of law, arises from facts, which exist in the case; and whether those facts exist or not, is to be inferred, after verdict, only from those stated in the declaration, or necessarily implied from what is stated.

*Litchfield,*
*June,*
1822.

*Gaylord*
*v.*
Payne.

In this case, *Rachel Payne's* indebtedness in law does not appear, in either of these ways.   1 *Wms. Saund.* 228. *a.* 1 *Day* 187. *n.*

3. That if the judgment is erroneous, it must be reversed *in toto*, because it is entire. An entire judgment against several defendants, cannot be reversed as to one, and affirmed as to the others.   *Bird & al.* v. *Orms, Cro. Jac.* 289.   *King* v. *Marlborough & al. Cro. Jac.* 303.   *Topham & al.* v. *Goodson,* 1 *Keb.* 940.   *Grell & al.* v. *Richards,* 1 *Lev.* 294.   2 *Wms. Saund.* 212. *a.*   *Bidgood* v. *Way & ux.* 2 *Bla. Rep.* 1236.   *Aylet* v. *Oates, Styles* 121. 125.   1 *Swift's Dig.* 793.   *Arnold & al.* v. *Sandford,* 14 *Johns. Rep.* 417.   *Richard & al.* v. *Walton,* 12 *Johns. Rep.* 434.

HOSMER, Ch. J. It is a general rule in pleading, that whatsoever facts are necessary to constitute a cause of action, must be stated in the declaration, with such precision, certainty, and clearness, that the defendant, knowing what he is called upon to answer, may be able to plead a direct and unequivocal plea, and that the jury may be enabled to give a complete verdict on the issue. 1 *Chitt. Plead.* 216. 255.

It, likewise, is equally well established, as a principle of construction, that every thing shall be taken most strongly against the party pleading, on the intendment, that every person states his case as favourably for himself as possible. 1 *Chitt. Plead.* 241.

From these rules it necessarily results, if the wife be joined in an action with her husband, that her interest or liability must explicitly appear from the declaration, and may not be assumed, unless by necessary inference.   1 *Chitt. Plead.* 20. *Serres & ux.* v. *Dodd,* 2 *New Rep.* 405.

The contract on which the plaintiff has founded his action is alleged to have been jointly made by the defendants ; and without resort to the rule of construction before stated, and by a reasonable intendment only, the allegation means, that the husband, and wife, and the other defendants, after her marriage, entered into an engagement with the plaintiff.   On the principle of construing the declaration most strongly against the plaintiff, there can be no doubt, that the agreement was made by a feme covert. If it were not, the plaintiff should have averred, that the wife assumed, when sole and unmarried, and not that she, her husband, and others, jointly became indebted.   2 *Chitt. Plead.* 50.   In an avowry, by the

husband, for rent arising from the land of his wife, it was determined, in *Decker* v. *Livingston,* 15 *Johns. Rep.* 479. that " unless it appear affirmatively, that the rent in question accrued *after* the intermarriage, the court cannot intend the fact to be so." 1 *Chitt. Plead.* 7. The contract declared on, will not sustain an action against the wife ; and the case rests on the same foundation, as if, in point of fact, she made no agreement with the plaintiff. The contract then is not truly declared upon ; but the allegation and proof are necessarily at variance with each other ; and in the suit there is included one defendant, who was not a party to the alleged promise.

In an action *ex contractu* against several, it must appear on the face of the declaration, that their contract was joint ; and if *too many* persons are made defendants, and the objection appear on the pleadings, either of the defendants may demur, move in arrest of judgment, or support a writ of error. 1 *Chitt. Plead.* 31. The defect is fatal and incurable. Notwithstanding this, it has been insisted, that the award of auditors, attributing to it the force of a verdict, has worked a cure. It may be replied conclusively, that the award infers no facts, except those apparent, directly, or by implication, from the plaintiff's declaration ; and if the facts are presumed to have existed, in conformity with the plaintiff's supposition, they present a most fatal error, to the existing suit against the defendants. What is the effect of a verdict, or award of auditors ? It supplies no title or right of action *wholly omitted ;* because every such matter being traversable, it must be alleged, that it may be put in issue. If a title is set out in the pleadings, by a *defective statement,* the defect is cured by verdict ; in support of which, the court will intend, that it was supplied by evidence ; but if the *ground of action alleged* evinces, that the plaintiff has *no title,* this is beyond the possibility of aid. On so trite a subject, a recurrence to cases is unnecessary, and would almost border on impertinence. 7 *Bac. Abr.* 42. *tit.* Verdict. X. The fact, which, the plaintiff contends, ought to be presumed, after the award of auditors, is this ; that the agreement declared on, was made by *Rachel Payne,* when she was a feme sole. This inference would set up a fact, *wholly omitted* in the declaration, not to be implied from any of the facts stated ; (1 *Wms. Saund.* 228. note 1.) and in opposition to the plaintiff's averments. The title alleged, is founded on a contract, made by *Rachel Payne,*

*Litchfield,*
June,
1822.

*Gaylord*
*v.*
*Payne.*

when a feme covert; and the one presumed, would be of an agreement made by her, when a feme sole.

But if the inadmissible inference were made, it would demonstrate a fatal and fundamental error. A contract made by *Rachel Payne,* a feme covert, and the other defendants, is materially variant, from one entered into by the same persons with the other defendants, when she was a feme sole. In the former instance, she never could have obliged herself; nor, in legal contemplation, have made any agreement with the plaintiff; while, in the latter, she would have contracted in a valid manner, and her husband, one of the defendants, would be responsible, not as party to the engagement, but by virtue of the marital relation. In the one case, the number of defendants would be *too great;* and this error is utterly incurable; (1 *Chitt. Plead.* 31.) and in the other, the contract would be fatally misdescribed.

The reversal, in this case, cannot be in part, but must be *in toto.*

When the judgments are distinct, the court may reverse in part, and affirm in part; but if the judgment is *entire,* there must be a total affirmance or reversal. 2 *Wms. Saund.* 212. *a.* in note 4.—*Richard & Finney* v. *Walton,* 12 *Johns. Rep.* 434. *Arnold &* al. v. *Sandford,* 14 *Johns. Rep.* 417. 425. Superadded to this observation, conclusive as it is on the case before the court, it appears, that the plaintiff has declared on a contract, which *never existed;* and the ground of his suit is incurably erroneous.

The other Judges were of the same opinion.

Judgment affirmed.