EMIL SCHOENBERGER ET AL. *vs.* ANTHONY A. WHITE ET UX.

Third Judicial District, New Haven, January Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A bill of particulars filed under "the common counts" controls and limits their allegations.

Courts are to decide causes not simply in view of the claims presented by counsel but of the issues presented by the pleadings.

A complaint alleging a sale and delivery of goods to but one of the two defendants named in the writ, will not support a judgment against them jointly, except by consent of both.

Such a judgment is an entirety, and upon appeal to this court must be affirmed or set aside *in toto.*

The fact that the appeal is taken by only one of the defendants, does not vary the rule, since the non-appealing defendant, while content perhaps with the judgment as rendered, might object should it be modified in favor of his colleague.

One of two joint parties who joins in filing a notice of appeal, but goes no further, is nevertheless entitled to be heard in this court as to all questions which are brought up for review on an appeal perfected by the other.

The argument of an appeal upon its merits, without objection to the nonjoinder of a proper party appellant, is a waiver of the defect by the appellee.

Argued January 28th—decided April 30th, 1903.

ACTION against husband and wife for goods furnished, brought to the City Court of New Haven and tried to the court, *Bishop, J.;* judgment for plaintiffs for $200, and appeal by the wife. *Error and new trial ordered.*

*George E. Hall,* for the appellant (defendant Adelia J. White).

*Jacob P. Goodhart,* with whom was *Robert C. Stoddard,* for the appellees (plaintiffs).

BALDWIN, J. The plaintiffs' complaint is in the form known in the Practice Book as " the common counts." The bill of particulars is against the husband alone, for provisions bought by him to the amount of $197.91. The defendants

filed a joint answer. This admitted "so much of the allegations of plaintiffs' complaint and bill of particulars that allege $84.86," and denied the rest; and then set up a tender before suit, by "the defendant," of $84.86, and that "the defendant" has been ever willing to pay that sum; and that payments were made by "the defendants," from time to time, " on account of such goods as are alleged in the bill of particulars, amounting in all to $113.05." The plaintiffs replied, admitting the tender and making no reference to the alleged payments on account.

These pleadings constitute no foundation for the judgment rendered. A bill of particulars filed under "the common counts" controls them. *Zacarino* v. *Pallotti*, 49 Conn. 36, 38. Its object is to show the real cause of action as fully as is done in an ordinary complaint, and it virtually amends the complaint by striking out all the counts not appropriately applicable to it. Rules of Court, p. 41, § 129. The bill of particulars filed by the plaintiffs, therefore, left nothing in the original complaint except the counts for goods bargained and sold, or sold and delivered, to the defendants; and modified these by limiting each to goods sold to one of the defendants, that is, the husband. That the wife, having been made a party to an action which had not been discontinued against her, afterwards pleaded jointly with her husband that they had made payments on account, did not admit that she owed what was thus paid. She might have contributed to discharge her husband's obligations.

The appellant has never objected to the rendition of a judgment against her. She finds fault only with the amount. She joined with her husband in stating to the trial court, as a claim of law, that " the plaintiffs could only recover judgment for $84.86, the amount tendered," and it is one of her reasons of appeal that the court erred in rendering judgment against her for more than that sum, and for costs. In view of this, were there nothing else in the case leading to a different result, she could not be heard to complain of the judgment except so far as it exceeds the amount tendered and charges her with costs.

It is not protected from her attack in these respects by the statement in the finding, that at no time during the trial of the cause was any claim presented that the defendants were not jointly and severally liable for whatever was due to the plaintiffs, and that the only question submitted to the court was whether the amount due was $84.86, or the full amount charged in the bill of particulars. Mrs. White had not the burden of proving that she was not liable to the plaintiffs' demand. It was for them to prove that she was liable. Courts are to decide causes in view not simply of the claims presented by counsel, but of the issues presented by the pleadings. The City Court had before it a process against husband and wife, but a declaration against the husband alone. Such a declaration could not support a judgment against both, except by the consent of both.

The judgment appealed from is a joint judgment against husband and wife in an action *ex contractu.* One only has appealed, but both joined in the notice of appeal. The appellees have raised no question on the ground of the husband's absence, and the appeal has been argued on its merits only. If they had any cause of exception, it must therefore be deemed to have been waived. *Masterson* v. *Herndon*, 10 Wall. 416 ; *Lenow* v. *Lenow*, 8 Gratt. (Va.) 349.

As such a judgment is an entirety, had all parties to it been formally brought before the court and the reasons of appeal been such as to dispute its validity altogether, the appeal could only have been disposed of by a total affirmance or reversal. *Gaylord* v. *Payne*, 4 Conn. 190, 196.

That the husband was not so made a party does not vary this rule. After the filing of the notice of appeal, he had the right to be heard in this court as to all the questions brought up for review. *Brockett* v. *Fair Haven & W. R. Co.*, 73 Conn. 428, 431. As he has not exercised this right, it may be assumed that he is content with the judgment against him as it stands ; but he might complain of it, were we to modify it by reducing the amount which it requires his wife to pay, and thus reducing the amount of the contribution which he

might be able to call upon her to make, in case he paid all that it requires of him.

Nor is the force of the rule escaped because the wife, in her reasons of appeal, attacked only the excess of the judgment against her above $84.86. Her attack is successful because the entire judgment against her goes outside of the issue. This defect was one apparent on the record. She had the right to argue from it that her ground of appeal was well taken. She could not limit its effect, as respects her husband's rights, and in his absence, by disclaiming any desire to set aside the entire judgment.

There is error, and a new trial is ordered.

In this opinion the other judges concurred.