ALVIE PETERSON, DEFENDANT IN ERROR, v. MIDDLESEX AND SOMERSET TRACTION COMPANY ET AL., PLAINTIFFS IN ERROR.

Argued June 23, 1904—Decided November 14, 1903.

1. An employer is not liable in punitive damages for the malicious and wanton act of his employe, unless he participates in it, expressly or impliedly, by conduct authorizing or approving it, either before or after it was committed.
2. For the purpose of rebutting the presumption that the master, by retaining the servant in his employ, after the commission of an alleged assault by the latter, approved the servant's act, it is competent to show the acquittal of the latter upon the trial of an indictment for such assault.
3. A joint judgment against two defendants is an entirety—indivisible—and on a writ of error sued out by one of the defendants must be reversed *in toto* when error is shown.

On error to the Supreme Court.

For the plaintiff in error, *Willard P. Voorhees.*

' For the defendant in error, *Theodore B. Booraem.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This writ of error brings up the record of a judgment entered upon the verdict of a jury rendered in favor of Peterson, the plaintiff below, and against the defendants, the Middlesex and Somerset Traction Company, and Crosson, jointly.

Peterson was a passenger upon one of the defendant company's trolley cars, and was ejected from it by Crosson, who was the conductor in charge of the car, for continuing to · throw peanut shells upon the floor of the car after being requested to cease from doing so.   The ground of action was that the ejection itself was unwarranted, and further, that it was accompanied by unnecessary and wanton violence.

Although there are numerous assignments of error, but two were considered, by counsel for the plaintiffs in error, sufficiently meritorious to be worthy of discussion at the argument of the case, and for this reason these only have been considered by the court.   The first is directed at a ruling of the trial court, excluding testimony offered on behalf of the plaintiffs in error;  the second challenges the correctness of the instruction of the court to the jury on the subject of punitive damages.

The instruction complained of was as follows:  "A corporation is an imaginary being.  All its schemes of mischief, as well as its schemes of public enterprise, are conceived by human minds and executed by human hands, and these minds and hands are its servants' minds and hands, and it is responsible when its servants' minds and hands perpetrate acts of a wanton, reckless and malicious character for the damages which result therefrom, and in that case punitive or punishment damages may be assessed against it by the jury as part of the verdict."   This instruction was in contravention of the rule laid down in the reported decisions of our courts, which

limits the liability to respond in punitive damages to the actual wrongdoer, and excludes from such liability those who are are only consequentially responsible for the wrongdoer's act on account of their relation to him, unless they participate in it, expressly or impliedly, by conduct authorizing or approving it, either before or after it was committed. This rule first finds clear expression in the decision of the Supreme Court in the case of *Haines* v. *Schultz*, 21 *Vroom* 481. It was the basis of decision by that court in the case of *Fohrmann* v. *Consolidated Traction Co.*, 34 *Id.* 391, and was adopted by this court in the case of *Haver* v. *Central Railroad Co.*, 35 *Id.* 312. It is argued that the case of *Hoboken Printing Co.* v. *Kahn*, 30 *Id.* 218, is in opposition to the authorities just referred to, but an examination of the opinion in that case will show that the argument is without support. The facts were these: The defendant company had published a libel against Kahn. The day following its publication Kahn called upon the managing editor and demanded a retraction of the charge made against him in the libelous article. Instead of complying with his demand, a subsequent issue of the defendant's newspaper printed a practical reiteration of the original libel. It was contended, on behalf of the defendant company, that under the rule laid down in *Haines* v. *Schultz,* supra, exemplary damages could not be assessed against it. This court held that the rule in the cited case was not applicable on the facts which the case then before it presented, and that it was therefore unnecessary to consider whether the doctrine of the Haines case was sound. The distinction between the two cases is apparent. In the Haines case (which was also a libel suit) the article complained of emanated from a reporter in the defendant's employ, and was published in his newspaper without his authority or knowledge. Nothing by way of approval of his employe's act was done by him after the publication was brought to his attention. In Hoboken Printing Co. *v.* Kahn, after the attention of the managing editor was called to the libelous article, instead of a dis-

avowal of responsibility for it, there was a practical republication of the libel, and this was manifestly the act of the managing editor. He was the executive head of the corporation—its representative in accepting or disavowing the act of a subordinate employe—and unless the act of such an officer is treated as the act of the corporation, when the question of approving or disavowing the act of a subordinate employe is presented, the rule which holds a master liable to respond in punitive damages for the malicious and wanton act of his servant, when that act receives the approval of the master, has no application where the master is a corporation, for it can only act through officers selected to represent it. No case can be found which holds such a doctrine.

Haines *v.* Schultz, Fohrmann *v.* Consolidated Traction Co. and Haver *v.* Central Railroad Co. are the converse of Hoboken Printing Co. *v.* Kahn. In each of the former cases it was held that because there was nothing to show that the master participated in the malicious and wanton act of the servant, by either authorizing it before or approving it after it was done, punitive damages could not be assessed against him, while in the Kahn case the conduct of the managing editor was such an approval of the malicious and wanton act of the person responsible for the original publication as to justify the assessment of exemplary damages against the defendant.

The other assignment of error was directed at the exclusion by the trial court of evidence going to show that the plaintiff had lodged a criminal complaint against the defendant Crosson for the alleged assault which was the foundation of this action; that this complaint was followed by an indictment by the grand jury, and that the trial had on that indictment resulted in the acquittal of Crosson. It had already appeared in the case that Crosson had been retained in the employ of the defendant company, notwithstanding his ejection of the plaintiff from his car, and the testimony was offered to rebut the presumption that, by doing so, the company had ratified or approved the alleged malicious and

wanton assault committed by its employe. We think the testimony was improperly excluded. The question whether the retention by a master of a servant who has injured a third person by a wanton and malicious act will, standing alone, support the conclusion that the servant's act has received the approval of the master, has never been passed upon by this court. The defendant company was, for this reason, entitled to put in any evidence which would naturally tend to rebut such a presumption.

The erroneous exclusion of the evidence referred to, as well as the error in the charge to the jury, were harmful to the Middlesex Traction Company alone, and afford no ground of reversal so far as the defendant Crosson is concerned. But the judgment brought up by the writ is against both defendants jointly; it is an entirety—indivisible. Consequently, there cannot be a reversal in part and an affirmance in part. *Richards* v. *Walton,* 12 *Johns.* 434; *Arnold* v. *Sandford,* 14 *Id.* 417; *Holbrook* v. *Murray,* 5 *Wend.* 161; *Hall* v. *Williams,* 6 *Pick.* 232; *Gaylord* v. *Payne,* 4 *Conn.* 190.

The judgment under review should be reversed *in toto.*

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Dixon, Garrison, Pitney, Swayze, Bogert, Vredenburgh, Vroom, Green, Gray. 11.