GEORGE P. ROWELL *vs.* P. SANFORD ROSS ET AL.

Third Judicial District, Bridgeport, April Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An attorney at law who is employed professionally without any agreement as to his compensation, is entitled to recover what his services are reasonably worth.

An attorney is not obliged to accept employment on a contingent percentage basis merely because his name appears on the attorneys list of several mercantile agencies.

*H,* an attorney in another State, sent to the plaintiff, a Connecticut attorney, a judgment for $1,100 against one *B,* saying in his accompanying letter: "I am sending this upon the usual collection basis and I expect to have two more judgments that I can send you for collection." The usual collection basis was ten per cent. on the first $1,000 collected, and five per cent. upon sums above $1,000, one third of which went to the forwarding attorney. The plaintiff

Rowell *v.* Ross.

accepted and collected this claim on these terms. A month later *H* had for collection a judgment for $11,000 in favor of the defendant Ross and against *B*, which he sought to place with another Connecticut attorney, but, failing to find him, gave it to the plaintiff, saying nothing about the basis of compensation. After prolonged efforts the plaintiff succeeded in collecting this judgment. As its collection was nearly completed the plaintiff suggested $2,000 as the amount of his fee, shortly after which *H* claimed that the employment was to be on the "usual collection basis," which the plaintiff denied. *Held:*—

1. That the foregoing facts raised no implied contract to render the services on the "usual collection basis," and that the plaintiff was entitled to recover what his services were reasonably worth.

2. That the fact that *H* had a contract with Ross to accept a contingent fee of ten per cent., did not affect the rights of the plaintiff unless that fact were made known to him.

3. That Ross not having pleaded his contract with *H* as a defense, could not rely upon it in this court as limiting his liability to the plaintiff.

At common law a plea of tender was not a bar unless the amount tendered was paid into court.

Under our practice such a plea, unaccompanied by payment into court, authorizes a judgment in plaintiff's favor for the amount of the tender; and, if pleaded as the sole defense, will entitle the defendant to costs if the tender is proved and the recovery does not exceed the amount tendered.

Argued April 11th—decided June 13th, 1913.

ACTION to recover the reasonable value of services rendered as an attorney at law in the collection of a claim, brought to and tried by the Superior Court in Fairfield County, *Reed, J.*; facts found and judgment rendered for the defendants, and appeal by the plaintiff. *Error and new trial ordered.*

The plaintiff is an attorney and counselor at law, and has been engaged in the general practice of his profession at Stamford for over fifteen years. From May 24th, 1909, to June 29th, 1911, the plaintiff rendered services in and about the collection of a judgment which the defendant Ross had obtained in New Jersey against one Holly, resulting in the recovery of $11,000. The defendants' answer admits that the plaintiff

rendered services toward the collection of the judgment at the request of the defendant Hance; denies that the defendants Ross and Hance promised to pay the plaintiff what the services were reasonably worth; and, in a second defense, alleges that the plaintiff's employment was under and by virtue of a special contract to collect the judgment upon the so-called "usual collection basis." The second defense admits that the plaintiff was entitled to $400, and by way of a plea of tender alleges that the plaintiff "has been tendered by the defendants the sum of $400, in payment of his services," and that "the defendants are now and always have been ready and willing to pay the plaintiff the said sum of $400," but that "the plaintiff has refused and still refuses to accept the same." The money was not paid into court.

The principal issue between the parties was whether the plaintif's employment was under an agreement to pay the reasonable worth of his services; or whether, as alleged in the second defense, it was under a special contract for a contingent fee upon the usual collection basis, which is, in litigated cases, ten per cent. on the first $1,000 collected, and five per cent. on the balance, one third of the fee going to the forwarding attorney, if any.

The court below found that the plaintiff was employed by the defendant Hance, as forwarding attorney under the special contract alleged in the second defense, that he was entitled to no more than $400, which had been tendered to and refused by him, and thereupon rendered judgment for the defendants with costs.

*John C. Chamberlain*, for the appellant (plaintiff).

*Israel J. Cohn*, for the appellees (defendants).

BEACH, J. The questions raised by this appeal are, whether the trial court erred in finding that the plain-

tiff's services were rendered under the special contract set forth in the second defense, and if so, whether, upon the tender being proved, the court erred in rendering judgment for the defendants with costs, although the money was not paid into court.

Appellant claims that the finding of the court as to the character of the employment is, in effect, an inference of law from the correspondence disclosed by the record; and also claims that even if the finding of the court as to the character of the employment was a conclusion of fact, it is unsupported by, and inconsistent with, the subordinate findings of fact marked proven in the plaintiff's draft-finding. The material facts stated in the finding, or marked proven in the plaintiff's draft-finding, are substantially as follows:—

Plaintiff represented several mercantile agencies, and his name appeared in their lists of attorneys. In April, 1909, the defendant Hance wrote the plaintiff sending him for collection a judgment for about $1,100 which one Zinke had obtained in New Jersey against Holly, saying: "I am sending this upon the usual collection basis and as I expect to have two more judgments that I can send you for collection that you will do your best to bring about a speedy settlement." In three other letters written about this same Zinke claim, on April 27th, May 4th, and May 18th, Hance referred again to the fact that he had two other judgments against Holly which he expected to send to the plaintiff for collection. The plaintiff accepted the Zinke judgment upon the usual collection basis. Afterward, on May 24th, Hance came to Stamford, called upon another attorney for the purpose of placing the Ross claim, and only placed it with the plaintiff because the other attorney was absent from his office. Nothing was said between the plaintiff and defendant Hance when the Ross claim was so placed in the plaintiff's hands, as to the

terms of the plaintiff's employment, and the trial court has marked as proven the following paragraph of the plaintiff's draft-finding: "At no time did the plaintiff and the defendant enter into an express agreement that the plaintiff was to handle said claim of the defendant Ross against said Holly on the 'usual collection basis.'"

The trial court in its memorandum, which is made part of the finding, says, in speaking of the terms of the plaintiff's employment: "Practically the only evidence upon this question is contained in certain letters from Mr. Hance to the plaintiff, written in connection with the Zinke claim for about $1,100, against Mr. Holly, which was sent the plaintiff for collection, on the usual collection basis, about a month before this Ross judgment was sent." The conclusion of the court is as follows: "It seems to me that any reasonable man would say from this correspondence and the situation of the parties, that the plaintiff intended to receive this judgment on the same terms he had the Zinke judgment, and it is plain that Mr. Hance so intended it."

The plaintiff, having proved the employment and that nothing was said as to the amount or basis of his compensation, made out a prima facie case for the recovery of the reasonable worth of his services; and we think there is nothing in the record, or in the situation of the parties on May 24th, 1909, which authorizes the inference of any different agreement, in the absence of any express contract as to the amount of the plaintiff's compensation. The parties had never dealt together before, except in regard to the Zinke claim. The publication of the plaintiff's name in lists of mercantile agencies did not, of course, obligate him to accept employment on a contingent percentage fee. The fact that he had accepted one claim for $1,100 on that basis furnishes no logical foundation for imputing to him an unexpressed intention to accept a different claim for

ten times that amount on the same basis. He was not called upon to form any intention relative to the Ross judgment prior to the interview of May 24th, because the preceding correspondence does not identify the other judgments therein referred to, as to amount or otherwise, so that the plaintiff could know whether he would accept them on the "usual collection basis," if offered to him. Hance himself did not understand that the correspondence gave rise to any contractual relation as regards the Ross judgment, for on May 24th he attempted to place it with another attorney in Stamford. In short, the record does not show any existing course of business between the parties; it does not show that the plaintiff ever heard of the Ross judgment prior to May 24th, 1909; and it does not show that Hance then, or at any time, made any proposition to the plaintiff to collect the Ross judgment on the usual collection basis, much less that the plaintiff accepted such a proposition.

Upon the facts found by the court, the plaintiff is entitled to recover the reasonable worth of his services, either on the ground that there was a mutual assent, tacit but actual, to the usual terms of employment of an attorney, or on the ground that there was an omission to come to any mutual agreement in regard to the terms of the plaintiff's employment, in which case the law imposes an obligation to pay a reasonable sum, in order to prevent either party from taking an unjust advantage of such omission.

The subsequent conduct of the parties is also inconsistent with the existence of a special contract on the usual collection basis. The plaintiff's services were extensive and prolonged, and nothing was said as to the amount of his compensation or the terms of his employment until May 29th, 1911, when the plaintiff wrote Hance that it was about time to determine the amount

of his fee.  Hance replied he would call and see him
about it.  Plaintiff then suggested to Hance on June 6th,
1911, a fee of $2,000, and asked Hance whether that
seemed reasonable.  Hance made no reply, and on
June 9th, plaintiff wrote again regarding the matter.
It was not until June 12th, 1911, that Hance for the
first time made the claim that the plaintiff's employ-
ment was on the "usual collection basis."

Hance was himself under contract with Ross to
collect the judgment on the contingent fee of ten per
cent., and it is argued that, therefore, he could not have
been imprudent enough to employ the plaintiff without
some understanding as to compensation.  On the other
hand, Hance could not very well disclose this ten per
cent. arrangement and still expect the plaintiff to accept
an associate attorney's fee upon the "usual collection
basis."  However that may be, there is no finding that
the plaintiff knew anything about Hance's contract
with Ross.

It is also claimed that Ross cannot be made liable in
excess of the amount of his contract with Hance, but the
pleadings lay no foundation for this claim.  On the con-
trary, Ross filed a joint answer with Hance admitting
that services were rendered, denying the alleged agree-
ment for reasonable compensation, and setting up in a
joint second defense a contract of employment on the
"usual collection basis," without pleading any limita-
tion of liability by the reason of his contract with Hance.
On this state of the pleadings Ross is jointly liable on
any judgment properly rendered thereon.

The conclusion that the plaintiff is entitled to recover
the reasonable worth of his services makes it unnecessary
to inquire whether the trial court erred in rendering
judgment for the defendants upon the plea of tender.
It may be observed, however, that a plea of tender is an
admission of liability, and was not a good plea in bar at

the common law unless the money was brought into court to discharge the admitted liability. 1 Swift's Digest, 296. Under our practice, a plea of tender unaccompanied by payment into court authorizes a judgment in plaintiff's favor for the amount of the tender; and will, if pleaded as a sole defense, entitle the defendant to costs in case the recovery does not exceed the amount of the tender. *Hatch* v. *Thompson*, 67 Conn. 74, 34 Atl. 770.

There is error and a new trial is ordered.

In this opinion the other judges concurred.