GEORGE P. ROWELL *vs.* P. SANFORD ROSS ET AL.

Third Judicial District, New Haven, January Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The plaintiff, an attorney at law of this State, sued to recover for services extending over several years which resulted in the collection of a judgment forwarded to him by one of the defendants, a New York attorney, who had in turn received it from the judgment creditor, the other defendant; and the main issue in the case was whether the plaintiff had been employed to collect the judgment upon the "usual collection basis" of ten per cent, as pleaded by the defendants, or was to be paid such an amount as his services might reasonably be worth, as the plaintiff declared. *Held:*—

1. That under these circumstances, testimony of the New York attorney, to the effect that he had received the claim from the owner to collect upon a contingent fee of ten per cent, was improperly excluded, since it tended to prove the defense of the owner, viz.: that he had not authorized the employment of any one except upon the terms above mentioned; and furthermore, that it tended to support the claim of the New York attorney, inasmuch as it might well raise a doubt, at least, in the mind of the trier, whether one who was to receive only ten per cent of the amount collected would obligate himself to pay possibly two or three times that sum to an assistant or substitute.

2. That this error was not cured by the subsequent admission of depositions of the defendants, taken by the plaintiff and offered in rebuttal, in one of which the New York attorney testified fully respecting the terms of the plaintiff's employment; since the erroneous ruling substantially deprived one of the defendants—the

judgment creditor—of his entire defense, and both defendants of their right to give their testimony from the witness-stand in the presence and hearing of the trier and under the guidance of their own counsel.

In taking the depositions of witnesses resident in other States, parties may proceed either under General Statutes, § 686, providing for the appointment of a commissioner by a court or judge, or under § 679, before a notary public, a commissioner appointed by the Governor, or other magistrate having power to administer oaths.

Upon an application to correct a finding under General Statutes, §§ 795, 796, it is the plain duty of the trial judge, who in this respect acts ministerially, to certify all the evidence which he deems material in determining the facts in question, and not merely those portions requested by the parties.

A joint judgment which is set aside as to one defendant, cannot stand against the other, even though the latter did not join in the appeal.

Under chapter 56, § 3, of the Public Acts of 1905, it is incumbent upon a party who has claimed for jury trial a case in which several issues of fact are joined, to file, within three weeks of such joinder, a written notice stating which of the issues he desires to be tried to the jury; and in default of such a notice it is permissible for the court to direct that all the issues be tried to the court. The failure to file the required notice waives the right to a jury trial, notwithstanding it may have been the practice of the bar to treat such a case as standing for the trial of all the issues to the jury unless a notice to the contrary is filed.

Argued January 22d—decided March 2d, 1915.

ACTION by an attorney at law to recover the reasonable worth of professional services rendered by him, brought to and tried by the Superior Court in Fairfield County, *Tuttle, J.;* facts found and judgment rendered for the plaintiff for $2,883, and appeal by the defendant Ross. *Error and new trial ordered.*

*Israel J. Cohn,* for the appellant (defendant Ross).

*John C. Chamberlain,* for the appellee (plaintiff).

THAYER, J. This case was before us upon the plaintiff's appeal at the April term, 1913, when a new trial was ordered. 87 Conn. 157, 87 Atl. 355. After the

case had thus been remanded to the Superior Court, the pleadings were changed by the filing of separate answers by the defendants, and new issues were thus created by the pleadings. A reference to the report of the case when formerly before us, will obviate the necessity of stating here more than the changed condition of the pleadings.

The plaintiff sues both defendants for his services in collecting a judgment held by the defendant Ross against one Holly. The defendant Hance is an attorney practicing in New Jersey and New York. Ross, by his substituted answer, admits paragraphs of the complaint alleging that Hance is an attorney and that he was employed by Ross to collect the judgment, but alleges that he was employed by him to collect it upon a ten per cent contingent basis. The allegation that the plaintiff's services were worth $2,500 is not denied. The defendant Hance admits by his answer that he employed the plaintiff to perform the services sued for, but alleges that the employment was upon the "usual collection basis," and that, in accordance with this, the plaintiff's fees for his services would amount to $400, which he has refused to accept. Neither party pleads tender, as by their former joint answer. The plaintiff replied to these allegations of the answer by a denial, and had a judgment for the amount claimed by him.

Upon the trial the defendants offered Hance as a witness to prove that when he first saw Ross with reference to the collection of the judgment, he handed the latter a card and told him that the terms of collection were printed upon the back of the card, and that the terms on the card were ten per cent on the amount collected, and that Ross gave him the judgment to collect upon that basis. This tended directly to prove the allegation of Ross' defense, that he gave Hance the judgment to collect on those terms, and was thus

clearly admissible to support that allegation. It was also admissible in support of Hance's defense. He and the plaintiff were at issue as to whether Hance gave the plaintiff the judgment to collect on the usual collection basis, or whether he was to receive what his services in that behalf were reasonably worth. Each of the parties, in support of his claim, was entitled to prove the circumstances surrounding the employment. If Hance could satisfy the trier that the claim was placed in his hands for collection under an express agreement of the nature sought to be proved, it would be likely to raise a serious doubt in the trier's mind whether Hance would have placed it in the plaintiff's hands to collect on a basis which might lead to the result—which has been reached, should this judgment stand—whereby Hance is held bound to pay the plaintiff more than twenty per cent on the amount collected through his efforts. He may have been so improvident. The fact offered to be proved was not necessarily conclusive that he did not carelessly make an improvident contract with the plaintiff; but it was a relevant fact bearing upon the issue between them. What occurred at the time the evidence was excluded, shows that the ruling was caused by a misapprehension of the bearing of our former decision upon the issues presented by the substituted pleadings. In the former trial evidence was received which satisfied the trial court that Hance undertook the collection of the claim on a ten per cent basis. To the claim that Ross could not be made liable in excess of the amount of his contract with Hance, we said that the pleadings laid no foundation for the claim for the reasons there pointed out. *Rowell* v. *Ross*, 87 Conn. 157, 163, 87 Atl. 355. It is apparent that one of the purposes of the change in the pleadings was to lay the foundation for the introduction of this evidence.

The court finds that after this evidence had been excluded, the deposition of Hance, which was taken by the plaintiff prior to the trial, was offered by the plaintiff and admitted in evidence on rebuttal, without objection by the defendants, and that in this deposition Hance testified fully as to his claimed agreement that he received and accepted the judgment against Holly from Ross upon a contingent basis of ten per cent; and it is claimed that this heals the error in excluding his evidence when offered in court by the defendants. The court also finds from the depositions of Hance and Ross, the defendants, that no such arrangement (that is, for a contingent fee of ten per cent on the amount collected) was ever made between them. The claim is that the rejection of Hance's testimony was harmless, because these findings show that the same testimony which was excluded was afterward received and effect given to it.

We think that the error was not healed by receiving on the plaintiff's rebuttal the depositions, taken by the plaintiff, of the two defendants. The effect of excluding the evidence upon the ground given, substantially took away the entire defense of the defendant Ross. He had alleged a special agreement between himself and Hance with respect to the collection of the judgment. If such an agreement was made, it is clear that Hance had no authority under it to make such an arrangement as the plaintiff claimed, which would be binding upon Ross. When evidence was offered by Ross to prove the agreement which he had alleged, the evidence was excluded upon the ground that, if it was proved, it would have no bearing upon the case. This was excluding the evidence offered upon the ground that the defense offered to be proved was no defense. This forbade the offering of further evidence to prove that defense. The court finds that Ross did not person-

ally testify in court, and that the plaintiff, in rebuttal, laid in his deposition taken by the plaintiff. It cannot be said, therefore, that the exclusion of the evidence was harmless. It would have been useless to offer further witnesses, had there been twenty to the making of the agreement, to prove this branch of Ross' defense. The same ruling must have excluded their testimony. It is possible that there was other testimony as to the agreement, and the fact that the court, from the depositions of Ross and Hance, has found that no such agreement as Ross sets up in defense was ever made, does not cure the error. The defendants had the right to give their testimony in open court under the guidance of their own counsel, and to have the court observe them as they testified and weigh the testimony as it was given in. It may be presumed that the plaintiff, in taking the depositions, was not seeking to prove the matters of defense, and that he conducted the examination with a view to help his own side of the case rather than to establish that of the defendants. It appears in a portion of Ross' deposition which is before us, in the motion to correct the finding, that Ross, at the taking of his deposition, refused, on advice of counsel, to state the terms of the agreement between himself and Hance, upon the ground that what took place between himself and his counsel was privileged. However ill advised this may have been, the circumstance shows that the deposition could not have been a great aid to the court in finding what the terms of the agreement were or were not. It shows, too, that the ruling complained of was probably harmful. The court, having in effect ruled that the agreement between Ross and Hance had no bearing on the determination of the case, should not have made a finding as to whether such an agreement was ever made by them. If it was to find upon that subject, it was clearly the duty of the court, if it

had changed its views as to the bearing of the agreement upon the case, to have permitted the defendants to offer evidence in court to prove the agreement. It cannot be said, upon the facts before us, that the error in excluding this evidence was not harmful to the defendants.

The deposition of the defendant Ross, taken by the plaintiff, was received in evidence against the objection of the defendants that it was not taken pursuant to § 686 of the General Statutes. Section 686 provides for the issuance of a commission by the higher courts, or, when they are not in session, by the judges thereof, to take the deposition of persons resident out of this State, and the claim is that the defendant Ross, being a resident of New Jersey, and his deposition being taken there, could only be taken by some person commissioned to do so by the Superior Court or a judge thereof. This method was not, but might have been, pursued. It is not the exclusive method for taking the deposition of a nonresident witness. General Statutes, § 679, provides that the deposition of such a witness may be taken in any other State by a notary public, commissioner appointed by the Governor of this State, or any magistrate having power to administer oaths, reasonable notice having first been given to the adverse party or his attorney of the time and place of taking the deposition. This method was pursued by the plaintiff in taking the deposition in question, and was justified by the section of the statute last referred to and by the long-continued practice of the profession. The defendants' objection to the reading of the deposition in evidence was properly overruled.

The finding shows that Hance had no express authority from Ross to employ the plaintiff at Ross' expense to collect the judgment, and the defendant claims that no authority to so employ him as to make

Ross liable to pay what the plaintiff's services should be reasonably worth can be implied from the facts found. In arguing this branch of the appeal, the defendant, apparently, assumes that the finding will be changed in some respects in accordance with his application to correct. As there must be a new trial upon other grounds, we find it unnecessary to correct the finding. The defendant proceeds under §§ 795 and 796 to secure the corrections asked for, and asked the trial judge to certify the evidence claimed to be material in determining the facts. The court corrected the finding in some respects as requested, and refused to correct it in other respects requested, and certified the evidence which the defendant asked to have certified, with the added comment: "This, however, is not all the evidence upon the subjects therein mentioned, nor the most trustworthy part of such evidence." The statute (§ 795) made it the duty of the trial judge to certify "all evidence claimed by either party to be material in determining as to the existence of the facts to which such exceptions relate, so far as the judge shall find such evidence to have been given, and any other evidence deemed by the judge to be material." The statute makes the judge's duty plain. He is presumed to have passed upon the weight of the evidence in finding the facts and giving his judgment. In certifying the evidence as a judge he is acting ministerially. He is to do what the statute commands. He is required to state all the evidence in the case which he deems to be material in determining as to the existence of the facts to which the exceptions relate, so that this court may determine whether facts are omitted which should have been found, or are found without evidence or against the weight of the evidence. For the trial judge to omit to certify evidence which was material to the questioned fact, but to say that there was such

Rowell v. Ross.

evidence, and that it was weightier than that which is certified, is to defeat the purposes of the statute. As all the evidence material to properly determine whether the finding should be corrected is not before us, a correction or refusal to correct upon that which is before us would be of no worth upon another trial, and is of no importance to the present one, since there must be a new trial, as already indicated. Without calling for the certification of the remaining evidence, or deciding from that which has been certified the question whether a correction should be made, we leave the questions raised by these assignments of error undetermined.

It does not appear that the court placed Ross' liability to the plaintiff upon the ground that he ratified the contract for services at their reasonable worth, which is found to be the contract between Hance and the plaintiff. On the contrary, it would appear from paragraph fifty-eight of the finding (although this is somewhat inconsistent with other paragraphs) that the liability of Ross is based upon express authority given to Hance to employ the services of the plaintiff. The defendant argues that there was no ratification upon the facts found. That may depend upon the contract made by Ross with Hance. If there was such a contract between them as Ross sets up in his answer, there was nothing in the conduct of Ross, when he met the plaintiff and Hance at Stamford, from which a ratification can be implied. If Hance had agreed to collect the judgment for ten per cent of the amount collected, it would be the duty, and to the interest, of Ross, to aid by his evidence and otherwise in the proceeding. His presence in Stamford, when a sale of real estate was to be made, which might affect the amount of the recovery against Holly if the property was sacrificed, is as adequately explained upon the supposition

that the contract with Hance was upon a ten per cent basis as upon the supposition that his employment of Hance was a general employment to collect the judgment. The fact that at luncheon on that occasion the whole matter was gone over, and what had been done and what it was proposed to do was discussed, is explained as satisfactorily upon the one as the other supposition. This conduct was entirely consistent with his present claim that Hance had agreed to collect the claim upon a ten per cent basis, and that Hance was proceeding at his own cost. The finding shows that at that time no claim had been made or question raised that the plaintiff was under his employment to receive what his services were reasonably worth. The misunderstanding between Hance and the plaintiff arose at a later period. For the same reason, the fact that Ross took the proceeds of the settlement with Holly, which had been brought about through the plaintiff's efforts, would not constitute a ratification of any contract unknown to him made by Hance with the plaintiff, if his own contract with Hance was what he alleges it to have been in his answer. The case might be different if his contract with Hance was something different from the one which he sets up in his answer. We think, as already stated, that the finding does not show that the court placed its decision upon the ground of a ratification of the contract which it finds Hance made with the plaintiff, and therefore, if the finding were to be corrected as claimed by the defendant, we could not say that the court ruled that there was a ratification.

Ross claims that he was wrongfully deprived of a jury trial by the court. The first trial was had to the court under a stipulation between the parties that it should be so tried. After the pleadings were amended, as above stated, by separate answers being filed by

the defendants, each claimed the case for the jury. Hance's separate answer and the reply to it, raised substantially the same issues which were raised by the joint answer at the first trial, and the court for that reason decided that the case as to Hance should be taken from the jury list and placed upon the court list. Ross, when he filed his separate answer, claimed the case for the jury, and motion was at once made by the plaintiff to have it stricken from the jury docket and reinstated upon the court docket. This motion was denied without prejudice, for the reason that no reply had been filed, and it did not appear whether the pleadings would terminate in issues of fact. After a reply had been filed, and within three weeks after it was filed, the plaintiff renewed his motion that the case be taken from the jury docket and transferred to the court docket, giving several reasons, among which was the original stipulation and an allegation that the same issues were presented by the present as by the former pleadings, that the case was claimed to the jury to delay the trial, etc. The matter was argued upon these grounds within three weeks after the pleadings were closed in issues of fact, but was not decided until after the three weeks had run. Without then deciding the motion upon the grounds stated therein, the judge then presiding ordered all issues between the plaintiff and Ross tried to the court, filing with the order a memorandum stating: "I do not find in the files any written notice filed within three weeks after the issues were joined by Ross, who placed the case on the jury docket, stating which, if any, of the various issues of fact joined he desires to be tried to the jury. In the absence of such a notice the court may direct how the issues shall be tried. *Nowsky* v. *Siedlecki*, 83 Conn. 112 [75 Atl. 135]. The court orders all issues between the plaintiff and Ross to be tried to the court."

General Statutes, § 720, as modified by § 1 of chapter 56 of the Public Acts of 1905, provides that court cases, involving issues of fact properly triable to the jury, shall be entered on the jury docket at the request of either party made within ten days after issue joined. Section 722 of the General Statutes, as amended by § 3 of chapter 56 of the Public Acts of 1905, provides: "If more than one issue of fact shall be joined in a cause upon the jury docket as a jury case, either party may, and the party placing it upon the docket as a jury case shall, within three weeks after the issues are joined, file with the clerk a written notice, stating whether he desires all such issues tried to the jury, and, if not, which of them he desires to be so tried. All issues which either party desires tried to the jury, and which are specified in such notice or notices, shall be so tried; provided they are such as . . . are properly triable by jury; but any other issues in the cause shall be tried as the court may direct." The defendant Ross, having requested that his case be entered on the jury docket pursuant to § 720, was required by § 722 to file written notice with the clerk within three weeks after issue joined, stating whether he desired all such issues tried by the jury, and, if not, which ones he desired to be so tried. Having failed to do this, he waived his right to have any of the issues so tried, and it was permissible for the judge to direct whether they should be tried to the jury or to the court. It is probably true, as claimed by the defendant, that it has been the practice among the members of the bar to treat a case entered on the jury docket as a jury case, at the request of a party under § 720, as standing for the trial of all issues to the jury, unless notice to the contrary has been filed. The statute (§ 722), however, is explicit: notice must be given after issue joined in cases on the jury docket, and this notice must specify whether all of the is-

sues, and if not which ones, are to be tried to the jury. The defendant failed to comply with this requirement and thereby waived his right to a jury trial. The court, therefore, might properly direct that all the issues be tried to the court.

The defendant Hance gave due notice of his intention to appeal from the judgment now in question, but failed to perfect his appeal. We held above that his testimony, which was excluded, was admissible in his own behalf as well as in behalf of Ross. Having failed to perfect his appeal, he is not in a position to take advantage of this error. It is claimed, however, in his behalf, that the judgment rendered was a joint judgment against both defendants, and must be affirmed or set aside *in toto*, and that Hance, although he failed to join in the appeal, has the right to be heard as to all the matters brought up for review by Ross' appeal, so far as they dispute the validity of the judgment as an entirety. *Schoenberger* v. *White*, 75 Conn. 605, 607, 54 Atl. 882. The judgment is in form a judgment against both the defendants. The complaint alleges a joint as well as a several undertaking on their part to pay for the plaintiff's services, stating that Hance was Ross' attorney and agent, duly authorized and empowered to act as such attorney and agent; that the plaintiff's services were rendered at Hance's request and direction, with the full knowledge, acquiescence and ratification of Ross; and that for such services Ross and Hance promised to pay the plaintiff what they were reasonably worth, including disbursements. The finding states various facts as to the employment, and scope of the employment, of Hance by Ross, but paragraph fifty-eight finds "that the defendants, upon some secret basis of division of the proceeds, jointly engaged in the collection of an ancient judgment against John I. Holly, and in prosecution of that joint enter-

prise employed the plaintiff and availed themselves of his services." There can be no doubt, in view of this finding, that the court intended it to be a joint judgment, based upon the joint undertaking and engagement of both defendants. The judgment is entire and cannot stand against Hance if it is set aside as to Ross. *Schoenberger* v. *White*, 75 Conn. 605, 607, 54 Atl. 882. If the judgment against Ross falls, there is nothing in the case to warrant a judgment against Hance alone. If, as the court seems to find in other paragraphs than the one referred to, Hance was the duly-authorized agent of Ross, and within the powers of his agency employed the services of the plaintiff, it would seem that Ross alone, and not Hance, would be liable to pay for these services. If Hance, being the agent of Ross, exceeded his powers in employing the plaintiff, it would not necessarily render him liable in this action to pay for the plaintiff's services; but there is no finding that he exceeded his powers. The judgment must therefore be set aside as to both defendants.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.