BENNIE SCHWARTZ, PLAINTIFF-RESPONDENT, v. ANNA EISNER, DEFENDANT-APPELLANT.

Submitted January 27, 1933—Decided June 17, 1933.

Before Brogan, Chief Justice, and Justices Trenchard and Case.

For the defendant-appellant, *Harry Kay.*

For the plaintiff-respondent, no appearance.

The opinion of the court was delivered by

Case, J. The appeal is from a judgment entered in the First District Court of the city of Newark upon a jury verdict.

The defendant has specified nine determinations wherein error is alleged. The first, second, third, fourth, eighth and ninth relate to alleged error said to have been committed during the course of the trial. The record shows no exceptions, and these matters are therefore not properly before us.

The fifth specification is that the trial court erroneously moulded the verdict. The record in that respect reads thus: "The jury's verdict was: 'Under the evidence before the jury we find for the plaintiff in the full amount for the sum of $461.60, plus interest.' Upon that verdict the court entered judgment for $500 and the defendant's attorney entered his objection." The defendant did not at the time specify the grounds upon which his objection was made, but now urges that the action of the judge was objectionable because the

latter had no right to compute the interest on the $461.60. We shall assume that the alleged error was properly excepted to.

The defendant does not dispute that the plaintiff, if he prevailed, was entitled to interest on his claim, or that the interest, properly calculated, would amount to more than the sum of $38.40, or that the plaintiff, in his state of demand, had waived the excess above the District Court jurisdiction. The only question presented hereon is that the jury should have calculated the amount of the interest. It was said by the Court of Errors and Appeals in *Kilgus* v. *Wayne Co.*, 85 *N. J. L.* 351, that "it is the right and duty of the trial court in a case where the verdict of the jury is informal in form or erroneous through mistake, but where the real purpose of the jury sufficiently appears, to mould the verdict as rendered to correspond with the substance of the real verdict as agreed upon by the jury and intended to be rendered. This power and duty are well recognized." It was further said that a trial judge, in moulding a verdict to correspond with the real finding of the jury, has not the power to insert something which admittedly the jury did not find and never agreed to find and it was consequently held that the lower court in that case did not have the power to calculate and add interest to the amount of the verdict inasmuch as the jury had done nothing more than bring in a verdict for a fixed amount in which interest was not included. We think that as the jury in the instant case did agree, and returned a verdict to the effect that interest should be added, the arithmetical calculation, the correctness of which is not disputed, made by the judge and included within the judgment, was in entire correspondence with the finding of the jury and within the limit of court authority as defined in the Kilgus decision. The computation, to use the language of the Court of Errors and Appeals in *Cresci* v. *Gandy*, 99 *N. J. L.* 417, was "in order to practically effectuate the conceded intent of the jury."

The sixth and seventh specifications complain of remarks made by the court in its charge. The determination of the

facts was left entirely to the jury, and no erroneous statement of law was embraced within the matter excepted to. We find that the remarks complained of were within the proper field of court comment.

The judgment below will be affirmed, with costs.