CARA HAMMER, RESPONDENT, v. HARRY GORDON AND SILVER ROD STORES, INCORPORATED, APPELLANTS.

Submitted January term, 1934—Decided May 18, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellants, *Benjamin Gordon* and *Klein & Klein*.

For the respondent, *Abram I. Bluestein*.

PER CURIAM.

The action in this case was brought against the defendants, Harry Gordon and Silver Rod Stores, Incorporated, to recover damages for willfully and maliciously filling certain medical prescriptions with ingredients differing in kind from those set forth in the prescriptions. The judge, hearing the case without a jury, found for the plantiff against both defendants, and the defendants appeal.

The specifications relied on for reversal are that there was error in the admission of testimony, in the denial of a motion for nonsuit, in the entry of judgment, and that the damages were illegal and excessive.

The case made by the plaintiff was that she left three prescriptions with the defendant Gordon to be filled; that

she called for them on the following morning, received the filled prescriptions and paid therefor the sum of $2.75. After examining them she decided that they were not compounded in accordance with the directions and refrained from using them. There was also proof that Gordon deliberately and willfully substituted ingredients other than those called for by the prescriptions. There was evidence sufficient to show that Gordon was acting for the other defendant, Silver Rod Stores, Incorporated, and for the actual damages both would be responsible.

As to the admission of evidence. Among the questions asked of a witness called by the plaintiff, an analytical chemist who examined the ingredients of the prescriptions as filled, was the following: "What is your charge for testing these [meaning the ingredients]. A. My examination of the materials and court attendance would be about $50." The question was objected to, allowed, and exception noted. No ground of objection, however, was stated, and no request was made by defendants' counsel that the unresponsive part of the answer concerning services of the witness for attendance in court be stricken out. We cannot, therefore, reverse for this ruling. The question being asked, objection must be accompanied by the ground therefor. *Schwartz* v. *Eisner,* 111 *N. J. L.* 132; 166 *Atl. Rep.* 729; *affirmed,* 112 *N. J. L.* 383; 170 *Atl. Rep.* 615; *Lyon* v. *Fabricant,* 113 *N. J. L.* 62.

There was error, however, in the entry of judgment against the Silver Rod Stores, Incorporated. This defendant is a body corporate and would not be responsible beyond the actual damage sustained by the plaintiff. It is not liable for punitive damages for the willful and malicious wrong of its agent in which it did not expressly or impliedly participate. *Peterson* v. *Middlesex and Somerset Traction Co.,* 71 *N. J. L.* 296; 59 *Atl. Rep.* 456. It was specifically called to the attention of the trial judges on the motion for the direction of a verdict that the corporation was not liable for punitive damages, and it is urged for error that the damages awarded in view of the proofs were illegal and excessive.

Ordinarily an award of damages if excessive, can only be reached on a rule for new trial. Where, however, they are both excessive and illegal because of the absence of proof upon which to award the same, it may be assigned for error on appeal. The award against both defendants was in the sum of $350. There was no evidence upon which such an amount against the corporation could be predicated. The award of necessity involved the allowance of punitive damages, for which there was no legal justification.

As against the defendant Gordon, his wrongful act could well be attributed to wrongful motive and therefore justified the award of damages of a penal nature. The judgment against him will therefore be affirmed with costs, and the judgment against the Silver Rod Stores, Incorporated, will be reversed.